[No. 9351.   In Bank. — February 17, 1887.]

## E. R. ROBINSON, RESPONDENT, *v.* SPAULDING GOLD AND SILVER MINING COMPANY, APPELLANT.

CORPORATION — PURCHASE OF STOCK AT ASSESSMENT SALE — EXECUTION AGAINST CORPORATION. — The stock of a corporation purchased by it under section 344 of the Civil Code, at a sale for delinquent assessments, is held subject to the control of the stockholders, and cannot be levied on under an execution against the corporation.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George D. Shadburne,* for Appellant.

*Henry H. Reid,* for Respondent.

MORRISON, C. J.— The defendant, a mining corpora-
tion in the state of California, had a judgment entered
against it in the Superior Court of the city and county
of San Francisco, for the sum of $619.25, on the
second day of April, 1883.  On the thirteenth day of
the same month an execution was issued on said judg-
ment, and on the first day of the following month the
sheriff of said city and county levied on 99,280 shares
of the capital stock of the mining company to satisfy
the same, and on said last day all the right, title, and
interest of said company in and to said shares was sold
under said execution to satisfy the same, and a certifi-
cate of sale was issued by the sheriff to the plaintiff
therefor, whereupon the plaintiff demanded of defend-
ant a certificate of such stock, and defendant refused to
issue stock to the purchaser thereof at such sale; where-
fore plaintiff prayed for a decree of the court directing
the defendant to issue to him said 99,280 shares of its
capital stock, in satisfaction of such execution.

On the trial in the court below it was found, as a con-
clusion of law, that the plaintiff was entitled to a decree
as prayed for, and costs of suit.

The question is, Did the Spaulding Mining Company
become the owner of said stock on the purchase thereof
for non-payment of an assessment? and did it become
the owner in such a sense as to make it its duty, on the
sale thereof on execution, to deliver to the purchaser
thereof new stock in place of that sold?  We think it
did not, and that it was not the owner of said stock, so
as to subject it to sale on an execution against the com-
pany.

Section 344 of the Civil Code provides that " all pur-
chases of its own stock made by any corporation (for
delinquent assessments) vest the legal title to the same
in the corporation; and the stock so purchased is held
subject to the control of the stockholders, who may
make such disposition of the same as they deem fit, in

accordance with the by-laws of the corporation, or vote of a majority of all the remaining shares. Whenever any portion of the capital stock of a corporation is held by the corporation by purchase, a majority of the remaining shares is a majority of the stock for all purposes of election, or voting on any question at a stockholders' meeting."

When the stock of the corporation was sold for assessments, and purchased by the company, it thenceforth held it subject to the control of the stockholders, and it was not subject to resale on an execution issued against the corporation in satisfaction of its debts. The corporation had no interest which it could sell and dispose of, and it had no interest which a creditor could dispose of by forced sale.

Judgment reversed.

TEMPLE, J., SHARPSTEIN, J., McFARLAND, J., THORNTON, J., and McKINSTRY, J., concurred.